■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LESTER SCIPIO, Appellant. [698 NYS2d 5] —Appeal from judgment, Supreme Court, New York County (Antonio Brandveen, J.), rendered October 11, 1994, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing him, as a second violent felony offender, to an indeterminate term of 9 to 18 years, held in abeyance and the matter remanded for a hearing and determination of whether defendant's initial arrest was supported by probable cause.

While, concededly, defendant, in his moving papers in support of his *Dunaway* (*Dunaway v New York*, 442 US 200) application, sought suppression of an out-of-court identification and confession on the basis of a *Payton* (*Payton v New York*, 445 US 573) violation and lack of probable cause, the record shows that, at the hearing, both sides presented and argued the case as involving a *Payton* and attenuation issue only. After the People had rested, defense counsel argued that it had "always" been his position that the evidence should be suppressed because of a *Payton* violation, i.e., that the officers had "no arrest warrant [or] search warrant to go into [an apartment where defendant was residing]" to arrest him for an unrelated robbery. The next day, defense counsel informed the court that he was premising his argument on both a *Payton* violation and lack of probable cause. No evidence was presented as to the basis for defendant's arrest. Interestingly, in its written decision, the hearing court, noting that defendant was urging suppression on the basis of a *Payton* violation and assuming, for its analysis, that defendant had been illegally

arrested, addressed and decided only the *Payton* issue and found sufficient attenuation. No clarification was sought concerning the probable cause issue.

In light of the incomplete disposition by the hearing court and apparent confusion on the part of both the prosecutor and court with respect to the issue(s) tendered, we hold the appeal in abeyance and remand for a probable cause hearing and, if necessary, a determination whether the evidence sought to be suppressed was attenuated from any illegal detention. Concur—Sullivan, J. P., Nardelli, Williams, Rubin and Andrias, JJ.