(March 20, 2001)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LESTER SCIPIO, Appellant. [722 NYS2d 133] —Judgment, Supreme Court, New York County (Antonio Brandveen, J.), rendered October 11, 1994, convicting defendant, after a jury trial, of robbery in the first degree and sentencing him, as a second violent felony offender, to an indeterminate term of imprisonment of from 9 to 18 years, unanimously affirmed.

This matter, having been held in abeyance and remanded for a hearing and determination of the issue of whether defendant's initial arrest—for two robberies unrelated to those charged in the instant indictment—was supported by probable cause (265 AD2d 276), is now before us after the conclusion of said hearing and a determination that the initial arrest was based on probable cause. Defendant does not challenge that finding but argues, as he did previously in a motion to reargue, which we denied, that our order of remand impermissibly afforded the

People, who did not demonstrate probable cause at the original suppression hearing, a second opportunity to make such a showing. As we indicated in our decision remanding this matter (*id.*), the failure to dispose of the probable cause issue at the original hearing was attributable to "apparent confusion on the part of both the prosecutor and court with respect to the issue(s) tendered." (*Id.* at 277.) We now confirm the hearing court's finding, on remand, of probable cause as well as its original determination that, assuming, *arguendo*, a *Payton* violation (*Payton v New York*, 445 US 573), the lineup identifications of defendant and his confession were sufficiently attenuated from the taint of any illegality so that suppression was unwarranted.

We have considered defendant's other issue on appeal and find it to be without merit. Concur—Sullivan, P. J., Nardelli, Williams, Andrias and Rubin, JJ.